**FILED
IN CLERK'S OFFICE
E.D.N.Y.
\* JANUARY 03, 2024\*
BROOKLYN OFFICE**

ALK:AP/GP
F. #2023R00220

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

AMAURY GUZMÁN,
    also known as "Amaury José
    Méndez Guzmán" and "Grande,"
IAN DIEZ,
    also known as "Gallina,"
RUFFI FERNÁNDEZ,
    also known as "Mojatoto," and
JONATHAN RODRÍGUEZ,

        Defendants.

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 23-107 (S-3) (MKB)
(T. 18, U.S.C., §§ 371, 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(d)(1), 981(a)(1)(C),
982(a)(5), 982(b)(1), 1951(a), 2119(1),
2119(2), 2119(3), 2312, 3665, 2 and
3551 et seq.; T. 21, U.S.C., § 853(p); T.
28, U.S.C., § 2461(c))

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Hobbs Act Robbery Conspiracy)

1.     In or about November 2022, within the Eastern District of New York and elsewhere, the defendants AMAURY GUZMÁN, also known as "Amaury José Méndez Guzmán" and "Grande," and RUFFI FERNÁNDEZ, also known as "Mojatoto," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: marijuana from John Doe #1, an individual whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

COUNT TWO
(Attempted Hobbs Act Robbery)

2.      On or about November 19, 2022, within the Eastern District of New York and elsewhere, the defendants AMAURY GUZMÁN, also known as "Amaury José Méndez Guzmán" and "Grande," and RUFFI FERNÁNDEZ, also known as "Mojatoto," together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the attempted robbery of marijuana from John Doe #1.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT THREE
(Interstate Transportation of Stolen Motor Vehicle)

3.      On or about November 20, 2022, within the Eastern District of New York and elsewhere, the defendant AMAURY GUZMÁN, also known as "Amaury José Méndez Guzmán" and "Grande," together with others, did knowingly and intentionally transport in interstate commerce a motor vehicle, to wit: a white Mercedes Benz CLA sedan (the "Mercedes") bearing a Vehicle Identification Number ending in 30057, knowing said motor vehicle to have been stolen.

(Title 18, United States Code, Sections 2312, 2 and 3551 et seq.)

COUNT FOUR
(Carjacking Conspiracy)

4.      In or about and between November 2022 and February 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants AMAURY GUZMÁN, also known as "Amaury José Méndez Guzmán" and "Grande," IAN DIEZ, also known as "Gallina," RUFFI FERNÁNDEZ, also known as "Mojatoto," and JONATHAN RODRÍGUEZ, together with others, with intent to cause death

and serious bodily harm, did knowingly and willfully conspire to take one or more motor vehicles that had been transported, shipped and received in interstate and foreign commerce from the person and presence of another, to wit: motor vehicle occupants, by force and violence and by intimidation.

5. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants AMAURY GUZMÁN, IAN DIEZ, RUFFI FERNÁNDEZ and JONATHAN RODRÍGUEZ, together with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

a) On or about November 20, 2022, GUZMÁN and RODRÍGUEZ, together with others, traveled in the Mercedes to the vicinity of Parsons Boulevard and 37th Avenue in Queens, New York.

b) On or about November 20, 2022, GUZMÁN and RODRÍGUEZ, together with others, while traveling in the Mercedes, approached a BMW 440 Coupe (the "BMW Coupe"), intending to steal the BMW Coupe.

c) On or about November 20, 2022, RODRÍGUEZ exited the Mercedes and approached Tao Wu, who was seated inside the BMW Coupe.

d) On or about November 20, 2022, RODRIGUEZ fired a gun in Wu's direction as Wu attempted to flee in the BMW Coupe, and fatally shot Wu once in the back.

e) On or about November 20, 2022, RODRÍGUEZ and GUZMÁN, together with others, fled from the scene of the shooting in the Mercedes.

f) On or about November 22, 2022, GUZMÁN and RODRÍGUEZ, together with others, traveled in the Mercedes to the vicinity of 80-49 Kent Street in Queens, New York.

g) On or about November 22, 2022, RODRÍGUEZ, together with others, exited the Mercedes and approached John Doe #2, an individual whose identity is known to the Grand Jury, who was standing outside of his BMW X5 (the "BMW X5").

h) On or about November 22, 2022, RODRÍGUEZ, together with others, held John Doe #2 at gun point while they stole John Doe #2's belongings, including the keys to the BMW X5.

i) On or about November 22, 2022, GUZMÁN and RODRÍGUEZ fled in John Doe #2's BMW X5 as their co-conspirators fled in the Mercedes.

j) On or about December 12, 2022, GUZMÁN, DIEZ and FERNÁNDEZ, traveled in a black Infiniti sedan (the "Infiniti") to the vicinity of Sanford Avenue and 150th Street in Queens, New York.

k) On or about December 12, 2022, DIEZ exited the Infiniti and approached John Doe #3, an individual whose identity is known to the Grand Jury, who was in the driver's seat of a Range Rover (the "Range Rover"), and struck the driver's side window.

l) On or about December 12, 2022, FERNÁNDEZ exited the Infiniti and fired a gun at the Range Rover as John Doe #3 fled in the Range Rover.

m) On or about February 1, 2023, GUZMÁN, together with others, drove to the vicinity of 53-46 73rd Street in Queens, New York in a red Dodge Charger (the "Charger").

n) On or about February 1, 2023, GUZMÁN, together with others, pointed guns at John Doe #4, an individual whose identity is known to the Grand Jury, hit John Doe #4 over the head with those guns and stole John Doe #4's belongings, including the keys to John Doe #4's Ford Mustang (the "Mustang").

  o) On or about February 1, 2023, GUZMÁN fled in the Charger as his co-conspirators fled in the Mustang.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT FIVE
(Attempted Carjacking Resulting in Death)

  6. On or about November 20, 2022, within the Eastern District of New York and elsewhere, the defendants AMAURY GUZMÁN, also known as "Amaury José Méndez Guzmán" and "Grande," and JONATHAN RODRÍGUEZ, together with others, with intent to cause death and serious bodily harm, did knowingly and intentionally attempt to take a motor vehicle that had been transported, shipped and received in interstate and foreign commerce from the person and presence of another, to wit: Tao Wu, by force and violence and by intimidation, and the death of Tao Wu did result.

(Title 18, United States Code, Sections 2119(3), 2 and 3551 et seq.)

## COUNT SIX
(Carjacking)

  7. On or about November 22, 2022, within the Eastern District of New York and elsewhere, the defendants AMAURY GUZMÁN, also known as "Amaury José Méndez Guzmán" and "Grande," and JONATHAN RODRÍGUEZ, together with others, with intent to cause death and serious bodily harm, did knowingly and intentionally take a motor vehicle that

had been transported, shipped and received in interstate and foreign commerce from the person and presence of another, to wit: John Doe #2, by force and violence and by intimidation.

(Title 18, United States Code, Sections 2119(1), 2 and 3551 et seq.)

## COUNT SEVEN
(Possessing and Brandishing a Firearm During a Crime of Violence)

8. On or about November 22, 2022, within the Eastern District of New York and elsewhere, the defendants AMAURY GUZMÁN, also known as "Amaury José Méndez Guzmán" and "Grande," and JONATHAN RODRÍGUEZ, together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Six, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT EIGHT
(Attempted Carjacking)

9. On or about December 12, 2022, within the Eastern District of New York and elsewhere, the defendants AMAURY GUZMÁN, also known as "Amaury José Méndez Guzmán" and "Grande," IAN DIEZ, also known as "Gallina," and RUFFI FERNÁNDEZ, also known as "Mojatoto," together with others, with intent to cause death and serious bodily harm, did knowingly and intentionally attempt to take a motor vehicle that had been transported,

shipped and received in interstate and foreign commerce from the person and presence of another, to wit: John Doe #3, by force and violence and by intimidation.

(Title 18, United States Code, Sections 2119(1), 2 and 3551 et seq.)

## COUNT NINE
(Carjacking Resulting in Serious Bodily Injury)

11. On or about February 1, 2023, within the Eastern District of New York and elsewhere, the defendant AMAURY GUZMÁN, also known as "Amaury José Méndez Guzmán" and "Grande," together with others, with intent to cause death and serious bodily harm, did knowingly and intentionally take a motor vehicle that had been transported, shipped and received in interstate and foreign commerce from the person and presence of another, to wit: John Doe #4, by force and violence and by intimidation, and serious bodily injury of John Doe #4 did result.

(Title 18, United States Code, Sections 2119(2), 2 and 3551 et seq.)

## COUNT TEN
(Possessing and Brandishing a Firearm During a Crime of Violence)

11. On or about February 1, 2023, within the Eastern District of New York and elsewhere, the defendant AMAURY GUZMÁN, also known as "Amaury José Méndez Guzmán" and "Grande," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Nine, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

12.     The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of either of the offenses, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any other criminal law of the United States, including but not limited to the following assets, all seized on or about November 22, 2022, in Queens, New York:

        (a)     one 9mm tan semi-automatic handgun with no serial number;

        (b)     one black PMAG magazine; and

        (c)     eight 9mm cartridges.

13.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE AND FOUR

14. The United States hereby gives notice to the defendants charged in Counts Three and Four that, upon their conviction of either of the offenses, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(5), which requires any person convicted of such offense to forfeit any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such offense; and (b) Title 18, United States Code, Section 3665, which requires the confiscation and disposal of firearms and ammunition found in the possession or under the immediate control of the defendants at the time of their arrest, including but not limited to the following assets, all of which all seized on or about November 22, 2022, in Queens, New York:

    (a)    one 9mm tan semi-automatic handgun with no serial number;

    (b)    one black PMAG magazine; and

    (c)    eight 9mm cartridges.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Sections 982(a)(5), 982(b)(1), and 3665; Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FIVE, SIX, EIGHT AND NINE

    16.  The United States hereby gives notice to the defendants charged in Counts Five, Six, Eight and Nine that, upon their conviction of any of the offenses, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(5), which requires any person convicted of such offenses to forfeit any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any criminal law of the United States, including but not limited to the following assets, all seized on or about November 22, 2022, in Queens, New York:

    (a)  one 9mm tan semi-automatic handgun with no serial number;

    (b)  one black PMAG magazine; and

    (c)  eight 9mm cartridges.

    17.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 982(a)(5); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS SEVEN AND TEN

18.    The United States hereby gives notice to the defendants charged in Counts Seven and Ten that, upon their conviction of either of the offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924, including but not limited to the following assets, all seized on or about November 22, 2022 in Queens, New York:

      (a)    one 9mm tan semi-automatic handgun with no serial number;

      (b)    one black PMAG magazine; and

      (c)    eight 9mm cartridges.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

*By M. Kristin Mace, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2023R00220

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

AMAURY GUZMÁN, also known as "Amaury José Méndez Guzmán" and "Grande," IAN DIEZ, also known as "Gallina," RUFFI FERNÁNDEZ, also known as "Mojatoto," and JONATHAN RODRÍGUEZ,

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 371, 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(d)(1), 981(a)(1)(C), 982(a)(5), 982(b)(1), 1951(a), 2119(1), 2119(2), 2119(3), 2312, 3665, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* \_\_\_\_\_3_____ *day,*

*of* \_\_\_\_January\_\_\_\_ *A.D. 20* 24\_\_

_____
*Clerk*

*Bail, $* _____

*Andrés Palacio, Assistant U.S. Attorney (718) 254-6215*